Mathews, J.
delivered the opinion of the court. The plaintiff and appellant brought this suit to recover a sum which he claims under a *302 decree or judgment, rendered in his favor by a competent tribunal exercising jurisdiction over the district of Baton Rouge, whilst under the Spanish government. He recovered in the district court and the defendants appealed.
East’n. District.
May 1816.
It is admitted, by the counsel of both parties, that the Spanish record (a copy of which is certified by the parish judge, who became the keeper of the public archives of that district after the change of government) contains all the material facts in the case, except one, which they added, and is, that the seizure or embargo of the two slaves mentioned in the proceedings, was raised by order of the Spanish judge.
This record does not exhibit a very correct and formal course of proceeding, in the Spanish tribunal. However, it shews, 1, that judgment was there rendered in favor of the appellee for the sum of one thousand and three dollars and three cents, against James Profit, executor of David Ross, deceased, the former husband of the appellant Mrs. Patton.
The fact of judgment having been thus rendered, appears from the uncontradicted allegation of the appellee, in his petition to the Spanish governor for the seizure and sale of the goods of the deceased, David Ross: 2, that on this application certain slaves were seized, but *303 were afterwards delivered up and released by the Spanish governor, as is shewn by the statement of facts.
The judgment of the Spanish tribunal liquidated and fixed the amount due to the plaintiff, and ought so far to be considered as conclusive between the parties, as it is a decision rendered by a competent authority of a place, which has since fallen within our jurisdiction. The grounds on which it was given cannot now be enquired into, not being a foreign judgment. It does not appear that it was appealed from or in any manner suspended or annulled. The ultimate failure of the party to have it executed is not sufficient to destroy its legal effect.
By the death of Profit, the executor, it became necessary to make new parties to the suit, a circumstance which required that the appellee should proceed in the ordinary way for obtaining judgment, as the situation of the parties could not well authorise the extraordinary and summary mode of proceeding immediately by way of execution. No attempt has been made on the part of the appellants to prove payment or satisfaction of the Spanish judgment.
In this view of the subject, there is no error discoverable in the decision of the district court.
Livingston for the plaintiff, Hennen for the defendants.
It is therefore ordered, adjudged and decreed, that its judgment be affirmed with cost.
See post 310, Decker’s Ex’s. vs. Bradford’s Heirs.